### Denver & R. G. R'y Co. v. Henderson.
### Same v. Zastrow.

*Appeal from County Court, Fremont County.*

Mr. J. M. Waldron, for appellant.

Mr. C. E. Waldo, for appellees.

Per Curiam. These cases, like that of *Denver & R. G. R'y Co. v. Henderson, ante,* p. 1, are actions for damages for the killing of stock by the appellant company's trains. The leading questions of law involved are precisely the same as those considered and determined in the case mentioned. It is therefore unnecessary to repeat a discussion of them. Treating the proceedings as actions at common law, plaintiffs, we think, offered sufficient evidence on the question of negligence to warrant submitting the causes to the jury.

In the *Henderson Case* the proofs of the plaintiff tended to show that the cow, at the time of the accident, was lying between the rails; that from the engine, going west, she could have been seen five hundred yards, and going east, from one hundred to two hundred yards; that she was probably struck by the west-bound train; and that a passenger train, running at the usual speed, could at that point be stopped within one hundred feet of the spot where the signal to stop was given.

In the *Zastrow Case* the evidence of plaintiff tended to show that the colt killed was struck by the train going west; that it ran along the track, before being struck, for about fifty yards; that it could have been seen by a person on the train five or six hundred yards from the place where it appeared to have received the injury; that for a distance of fifty to one hundred yards on each side of the track there were no obstacles to obstruct the view; and that, at the place where this animal was struck, a passenger train, running at the regular rate of speed, could also be stopped within one hundred feet of the spot where the signal was given.

In view of the foregoing testimony, there being nothing to contradict or rebut the same, we think both cases were properly submitted to the jury, and shall decline to set aside the verdicts.

The judgments in both are affirmed.

*Affirmed.*